**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wavve Americas Incorporated, | No. CV-23-01819-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Party, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Leave to Serve Defendant by Alternative Means (Doc. 15). Plaintiff requests an order, pursuant to Fed. R. Civ. P. 4(f)(3), authorizing alternative service on Defendant by means of email. (*Id.* at 5.) For the reasons that follow, the Court will grant the motion.

**I.**

Plaintiff is "an entertainment company and distributor of Korean-originating media content in the Americas." (Doc. 5 at ¶ 10.) It licenses original programming from Korea and distributes the content in the United States via its streaming service KOCOWA. (*Id.* at ¶ 12.) Plaintiff originally sued the registrants of three websites—Kokoatv.net, Kokoa.tv, and Vidground.com—for allegedly infringing upon Plaintiff's intellectual property rights. (*see generally* Doc. 5; Doc. 15 at 3.) Recently, Plaintiff learned that one individual, Tumi Max, owns all three domain names. (Doc. 15 at 3.) Plaintiff informs the Court that Max currently resides in Thailand. (*Id.*)

## II.

Plaintiff argues that Rule 4(f)(3) of the Federal Rules of Civil Procedure permits the Court to authorize service upon Defendant by means of email. That Rule authorizes service on an individual in a foreign country "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

"As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). "No other limitations are evident from the text." *Id.* "[A] plaintiff must demonstrate only 'that the facts and circumstances of the present case necessitate[ ] the district court's intervention,' in which case the district court can 'properly exercise[ ] its discretionary powers to craft alternate means of service'—so long as the alternative means 'comport with constitutional notions of due process' and are not prohibited by international agreement." *Fornix Holdings LLC v. Pepin*, No. CV-22-01275-PHX-DWL, 2022 WL 4359086, at *2 (D. Ariz. Sept. 20, 2022) (quoting *Rio Properties, Inc.*, 284 F.3d at 1014) (alterations in original).

The Court finds that "intervention is warranted in light of the facts and circumstances of this case." *Id.* Defendant has proven difficult to locate; indeed, third-party discovery was necessary even to learn Defendant's identity and email address. (Doc. 15 1-2.) Additionally, Defendant is located abroad, and his physical address is unverified. (*Id.* at 5.)

Further, service by means of email comports with constitutional notions of due process as it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Plaintiff learned Defendant's email address after conducting third-party discovery on NameCheap, the entity through which Defendant registered the domains at issue in this suit. (Doc. 15 at 4-5.) NameCheap requires users to verify and consistently monitor the emails associated with their domains. (*Id.*) Thus, Plaintiff has provided "substantial

assurances that Defendant owns and is monitoring the email address associated with the [domains] at issue herein." (*Id.* a 5.)

Finally, the Court finds that service by email is not, in this case, prohibited by international agreement. Thailand is not a signatory to the Hague Convention, and, as many other courts have found, no international agreement prohibits service by means of email there. *Mongkol Muay Thai Corp. v. JG (Thailand) Co. Ltd.*, No. 22-cv-00506-BAS-KSC, 2023 WL 5599613 (S.D. Cal. Aug. 29, 2023) (finding that service by means of email of a defendant located in Thailand was permissible); *Enovative Techs, LLC v. Leor*, 662 F. App'x 212, 214 (4th Cir. 2015) (same); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012) (same).

### III.

Accordingly,

**IT IS ORDERED** granting Plaintiff's Motion for Leave to Serve Defendant by Alternative Means (Doc. 15).

**IT IS FURTHER ORDERED** that Plaintiff may serve Tumi Max via the functioning email address referenced in its Motion (Doc. 15).

Dated this 20th day of September, 2023.

Michael T. Liburdi
United States District Judge