1  **Lewis Roca Rothgerber Christie LLP**
   201 East Washington Street, Suite 1200
2  Phoenix, AZ 85004-2595
   Telephone: 602.262.5311

3  **Ryan D. Pont** (State Bar No. 033391)
   Direct Dial: 602.262.5313
   Direct Fax: 602.734.3769
4  Email:  rpont@lewisroca.com

5  **Kyle W. Kellar** (*Pro hac vice*)
   Direct Dial: 626.683.4590
   Direct Fax: 626.577.8800
6  Email:  kkellar@lewisroca.com

   Attorneys for Plaintiff
7

8                    UNITED STATES DISTRICT COURT

9                          DISTRICT OF ARIZONA

10 Wavve Americas, Inc., a Delaware         Case No. 2:23-cv-01819-MTL
   corporation,
11                                          **PLAINTIFF'S MOTION FOR**
                   Plaintiff,               **LEAVE TO FILE UNDER SEAL**
12                                          **EXHIBITS C–H TO DECLARATION**
         vs.                                **OF KYLE W. KELLAR**
13
   Tumi Max, an individual,
14
                   Defendant.
15

16       In accordance with L.R. Civ. 5.6, Plaintiff wavve Americas, Inc. ("wA" or

17 "Plaintiff"), by and through undersigned counsel, respectfully requests that this Court enter

18 an Order in the form attached hereto to authorize Plaintiff to file under seal unredacted

19 Exhibits C–H to the Declaration of Kyle W. Kellar in Support of Plaintiff's Motion for

20 Entry of Default Judgment Against Defendant Tumi Max (the "Exhibits").  Each of the

21 Exhibits is either a copy of the relevant portions of the original Korean-language supplier

22 agreement between Plaintiff and one of KBS, MBC, and SBS or is an English-language

23 translation thereof.  Plaintiff has filed redacted versions of the Exhibits on this same date.

24       Although the Ninth Circuit recognizes a strong presumption favoring public access

25 to court records, this "right of access, however, is not absolute and can be overridden given

26 sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331

27 F.3d 1122, 1135 (9th Cir. 2003).  While the moving party must meet the "compelling

28 reasons" standard, "[w]hat constitutes a compelling reason is best left to the sound

122834199.1

1  discretion of the trial court." *Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97
2  (9th Cir. 2016) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978))
3  (international quotation marks omitted).

4  The Exhibits submitted herewith are contracts entered into between Plaintiff and one of third-party KBS, MBC, and SBS and corroborate Plaintiff's *uncontested and undisputed* claim of exclusive rights to the United States distribution of certain copyrighted Works owned by KBS, MBC, or SBS.  Plaintiff, in entering into these agreements, agreed to a confidentiality provision as to agreement itself and which only permits Plaintiff to publicly disclose contract details necessary to allow Plaintiff to enforce its rights under the agreement, which Plaintiff is doing here.  The redactions do not obscure the basis for including the Exhibits and do not require filing of the related Motion under seal.  Rather, these redactions are narrowly tailored to exclude confidential business information existing between Plaintiff and its suppliers not directly related to Plaintiff's claims in this litigation.

Based on the foregoing, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Seal and allow Plaintiff to file unredacted versions of the Exhibits under seal.

Dated: November 8, 2023

        Respectfully submitted,

        LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: /s/ Ryan D. Pont
    Kyle W. Kellar
    Ryan D. Pont

*Attorneys for Plaintiff wavve Americas, Inc.*

122834199.1