**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wavve Americas Incorporated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Tumi Max,<br><br>　　　　　Defendant. | No. CV-23-01819-PHX-MTL<br><br>**PERMANENT INJUNCTION** |

This matter is before the Court on Plaintiff Wavve Americas, Inc.'s Motion for Entry of Default Judgement against Defendant Tumi Max. After having considered the moving papers, declarations, arguments, and authorities submitted by the Plaintiff, the Court finds as follows:

1. A default was entered by the Clerk of the Court against Defendant Tumi Max on October 17, 2023. (Doc. 23.)

2. Defendant is not a minor, nor an incompetent person, nor a member of the military services of the United States.

3. Defendant did not appear or otherwise defend in this action.

4. The Court granted default judgment in favor of Plaintiff. (Doc. 33, as amended at Doc. 34.)

5. The Court entered default judgment in favor of Plaintiff on the claims asserted by Plaintiff for trademark infringement under 15 U.S.C. § 114, cybersquatting under 15 U.S.C. § 1125(d), copyright infringement under 17 U.S.C. § 501, federal unfair

competition under 15 U.S.C. § 1125(a), and tortious interference with business expectancy under Arizona law. (Doc. 33.)

Accordingly,

**IT IS ORDERED** that Defendant, and those persons in active concert with Defendant, are permanently enjoined and shall immediately cease all use in commerce of the mark KOCOWA or any other confusingly similar mark, including but not limited to KOKOA and non-distinct variations thereof.

**IT IS FURTHER ORDERED** that the domain name registrar for the domain names KOKOA.TV and KOKOATV.NET, including but not limited to NameCheap, Inc., shall transfer ownership of the domain names KOKOA.TV and KOKOATV.NET to Plaintiff, and the domain registrar shall take any steps necessary to transfer the domain names KOKOA.TV and KOKOATV.NET to plaintiff's control.

**IT IS FURTHER ORDERED** that Defendant, and those persons in active concert with Defendant, are permanently enjoined and shall immediately cease engaging in any of the following activities:

1. Storing, reproducing, displaying, or distributing any of the copyrighted works;

2. Transmitting, retransmitting, assisting in the transmission of, requesting transmission of, streaming, hosting or providing unauthorized access to, or otherwise publicly performing, directly or indirectly, by means of any device or process, any of the copyrighted works;

3. Selling, advertising, marketing, or promoting any of the copyrighted works;

4. Creating, operating, maintaining, or managing any website in support of activities described in ¶¶ (1) – (3);

5. Registering, owning, receiving, or transferring any domain name in support of the activities described in ¶¶ (1) – (4);

6. Creating or providing assistance to others who wish to engage in the activities described in ¶¶ (1) – (5);

**IT IS FURTHER ORDERED** that Defendant is immediately and permanently enjoined from engaging in any activities having the object or effect of fostering infringement of Plaintiff's exclusive rights in the copyrighted works, including and without limitation engaging in any of the following activities:

1. Advertising or promoting unauthorized access to or the availability of copyrighted works;

2. Encouraging or soliciting others to transmit or reproduce the copyrighted works;

3. Encouraging or soliciting other to upload, post, or index any files that constitute, correspond, point or lead to any of the copyrighted works;

4. Encouraging or soliciting others to offer transmission of the copyrighted works;

5. Providing technical assistance, support services or servers to others engaged in infringement of, or seeking to infringe, the copyrighted works;

6. Creating, maintaining, highlighting, or otherwise providing access to lists or forums that include, refer to or signal the availability of the copyrighted works;

7. Including references to the copyrighted works in any promotional materials; and

8. Creating, maintaining, or providing access to the websites associated with KOKOA.TV and KOKOATV.NET or copies thereof.

**IT IS FINALLY ORDERED** that Defendant is enjoined from entering into any agreement or transaction whatsoever to sell, lease, license, assign, convey, distribute, loan, encumber, pledge, or otherwise transfer, whether or not for consideration or compensation, any part of the system software, source code, data file, other technology, or domain names used in connection with the KOKOA.TV and KOKOATV.NET websites.

Dated this 6th day of February, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge